JOSEPH KOPYLEC *v.* ZONING BOARD OF APPEALS
OF THE TOWN OF NORTH BRANFORD
(AC 30901)

DiPentima, C. J., and Lavine and Lavery, Js.

Argued October 25—officially released December 28, 2010

*Vincent T. McManus, Jr.*, for the appellant (plaintiff).

*John M. Gesmonde*, for the appellee (defendant).

PER CURIAM. This appeal is one of a number in a long-standing zoning dispute. The plaintiff, Joseph Kopylec, appeals from the trial court's judgment upholding, in part, a cease and desist order issued by the North Branford zoning enforcement officer. On appeal, the plaintiff claims that the trial court misconstrued the North Branford zoning regulations with regard to his use of woodchips. We affirm the judgment of the trial court.

The plaintiff is the co-owner of 3.4 acres located at 944 Totoket Road in North Branford (town), an R-40 residential zone, which permits residential dwellings, their accessory uses and farming activities pursuant to § 23.1 of the North Branford zoning regulations.[1] On October 4, 2005, Carol A. Zebb, the town zoning enforcement officer, issued a three point cease and desist order against the plaintiff. Only the second point is relevant to this appeal. Point two ordered the plaintiff to stop "stockpiling in excess of 100 cubic yards of woodchips during the calendar year and/or using the aforesaid woodchips for landscaping work, including changes of the contours of a lot when no building permit is required, without benefit of a Zoning Permit as required by Section 43 of the Zoning Regulations of the Town of North Branford . . . ."

The plaintiff appealed from the cease and desist order to the defendant, the zoning board of appeals of the town of North Branford, which upheld the cease and desist order on February 27, 2006. Thereafter the plaintiff appealed to the trial court. In a memorandum of decision filed September 10, 2008, the court sustained

---

[1] North Branford Zoning Regs., § 23, entitled "Permitted Uses," provides in relevant part: "23.1 . . . Land, buildings and other structures in any district may be used for one or more of the uses, and no other, specified in Schedule A as permitted in the district. . . ."

the plaintiff's appeal as to points one and three of the cease and desist order but denied it as to point two. On September 26, 2008, the plaintiff filed a direct appeal to this court that was dismissed pursuant to Practice Book § 63-4 (additional papers to be filed by appellant). The plaintiff filed a motion to reargue on September 29, 2008, which the trial court granted. On January 20, 2009, the court issued a memorandum of decision, affirming its September 10, 2008 judgment. Thereafter, the plaintiff filed a petition for certification to appeal. Following this court's granting of certification, the plaintiff appealed.[2]

A court's review of a zoning board's decision to uphold a cease and desist order is limited to a determination of whether the record contains substantial evidence to support the order. *Lallier* v. *Zoning Board of Appeals*, 119 Conn. App. 71, 80, 986 A.2d 343, cert. denied, 295 Conn. 914, 990 A.2d 345 (2010). The role of an appellate court is to "determine whether the trial court correctly concluded that the board's act was not arbitrary, illegal or an abuse of discretion." (Internal quotation marks omitted.) *Curran* v. *Zoning Board of Appeals*, 117 Conn. App. 458, 462, 979 A.2d 599 (2009). "In reviewing a decision of a zoning board, a reviewing court is bound by the substantial evidence rule, according to which, [c]onclusions reached by [the board] must be upheld by the trial court if they are reasonably supported by the record. The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the [board]. . . . The question is not whether the trial court would have reached the same conclusion, but whether the record before the [board] supports the decision

---

[2] The defendant filed a motion to dismiss the appeal for lack of subject matter jurisdiction, which this court denied. The defendant raised the issue again in its brief but did not reanalyze the question. We, therefore, decline to review the claim.

reached." (Internal quotation marks omitted.) *Vine* v. *Zoning Board of Appeals*, 281 Conn. 553, 559–60, 916 A.2d 5 (2007). The plaintiff bears the burden of proof "to demonstrate that the board acted improperly . . . ." (Internal quotation marks omitted.) *Bloom* v. *Zoning Board of Appeals*, 233 Conn. 198, 206, 658 A.2d 559 (1995).

This appeal turns on the construction of the town's zoning regulations. "Because the interpretation of the regulations presents a question of law, our review is plenary. . . . We also recognize that the zoning regulations are local legislative enactments . . . and, therefore, their interpretation is governed by the same principles that apply to the construction of statutes. . . . Whenever possible, the language of zoning regulations will be construed so that no clause is deemed superfluous, void or insignificant. . . . The regulations must be interpreted so as to reconcile their provisions and make them operative so far as possible." (Citations omitted; internal quotation marks omitted.) *Heim* v. *Zoning Board of Appeals*, 289 Conn. 709, 715–16, 960 A.2d 1018 (2008).

The court determined that §§ 23 and 43 of the town's zoning regulations are permissive in nature. Section 43 bars a variety of activities that may be conducted only in accordance with certain specific exclusions or on securing a temporary special use permit. Zebb ordered the plaintiff to stop stockpiling woodchips in excess of 100 cubic yards and/or using woodchips for landscaping work, including changes in the contours of the land when no building permit was required, without a zoning permit, as required by § 43.2.3 of the zoning regulations.[3]

---

[3] Section 43 of the North Branford zoning regulations provides, in relevant part: "43.1 General: Excavation, grading or filling of land, or removal of sod, loam, clay, sand, gravel or stone from any lot, is permitted only in accordance with the exclusions listed in Par. 43.2 or upon securing a TEMPORARY SPECIAL USE PERMIT from the Commission in accordance with Par. 43.3 through 43.6. Such TEMPORARY SPECIAL USE PERMIT may be granted by the Commission subject to conditions deemed necessary to prevent

In considering the plaintiff's appeal, the defendant applied § 43 of the town's regulations.

The court found that filling of land is only permitted in accordance with § 43.2 or upon securing a temporary special use permit. The plaintiff argued that he was not using the woodchips for fill but was using them as fertilizer for agricultural purposes. The court determined, however, that § 44.5 of the North Branford zoning regulations indicates that § 43 of the regulations applies to farming operations. The plaintiff's expert, David Lord, testified that there were at least 250 to 300 cubic yards of woodchips on the plaintiff's property. There is no evidence in the record that the plaintiff obtained a temporary special use permit as required by § 43.2.3. Moreover, Zebb was not permitted to enter the property to measure the volume of woodchips. The court concluded that, given the foregoing circumstances, to say that a § 43 cease and desist order cannot issue in effect would mean that § 43 cannot be enforced. On the basis of our review of the record, we conclude that the court properly construed the zoning regulations at issue and that there was substantial evidence in the record to support the defendant's decision.[4]

The judgment is affirmed.

---

damage to other property and to protect the health, safety, convenience and general welfare.

"43.2 Exclusions: A TEMPORARY SPECIAL USE PERMIT is not required in connection with the following excavation, grading, removal or filling operation . . . .

"43.2.3 Work for landscaping and changing of contours on a lot, when no Building Permit is required, and then not exceed 100 cubic yards in any calendar year AND work for landscaping and changing of contours on a lot, when no Building Permit is required, and then more than 100 but not exceeding 300 cubic yards in any calendar year, provided that a Zoning Permit therefore is obtained and the Zoning Enforcement Officer, when issuing the Permit is satisfied that [certain] conditions . . . will be met."

[4] The record contains photographic evidence of the woodchips on the plaintiff's property and members of the defendant conducted a site visit and noted the volume of woodchips and no evidence of agricultural use.